**Ali FARZAND, Petitioner,**

v.

**Alberto GONZALES, Immigration And Naturalization Service., Respondents.**

**No. 06–2457–ag.**

United States Court of Appeals, Second Circuit.

July 10, 2007.

M. Anne Hannigan, Chicago, IL, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Joseph A. O'Connell, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C. for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Ali Farzand, a citizen of Pakistan, seeks review of an April 24, 2006 order of the BIA, affirming the December 6, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ali Farzand,* No. A95 961 764 (B.I.A. April 24, 2006), *aff'g* No. A95 961 764 (Immig. Ct. N.Y. City Dec. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we decline to review Farzand's challenge to the IJ's denial of his untimely asylum application. The petitioner did not meaningfully challenge the IJ's finding that his asylum application was untimely before the BIA and thus failed to exhaust his administrative remedies on this issue. *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007). Further, even if Farzand had exhausted his administrative remedies, we would lack jurisdiction to review the untimeliness finding because the petitioner does not raise a constitutional·claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 331–32 (2d Cir.2006).

We thus turn to the petitioner's claims relating to his application for withholding of removal and relief under CAT. When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005).

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Factual findings, including adverse credibility determinations, are reviewed under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We find the agency's adverse credibility determination to be supported by substantial evidence. Farzand's testimony was materially inconsistent with regard to how many times he was attacked and beaten by the police, when he was hospitalized, and if the police came to his home after the hospitalizations. *See Zhou Yun Zhang,* 386 F.3d at 74. Moreover, Farzand was unable to corroborate his claim with documentary evidence because the documents he submitted either contradicted his claim or omitted important events. *See Xiao Ji Chen,* 471 F.3d at 341. Therefore, the agency reasonably found that Farzand was unable to establish that it is more likely than not that he would be persecuted or tortured in Pakistan.

For the foregoing reasons, the petition for review is DENIED.